# IN RE HANDSCHUCK.

---

### PATENTS; PATENTABILITY.

1. A doubt as to the patentability of an invention will be resolved in favor of the applicant for a patent. (Following *Re Eastwood*, 33 App. D. C. 291, and *Re Harbeck*, 39 App. D. C. 555.)

2. It involves invention to provide in the upper end of a stocking button-holes with selvage edges in addition to the old buttonhole stitching for the purpose of reinforcing the edges of the buttonhole, as a different result is produced by the combined elements from that given by the separate parts.

No. 1071.   Patent Appeals.   Submitted January 10, 1917.   Decided February 19, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting claims of an application for a patent.

*Reversed.*

The facts are stated in the opinion.

*Mr. George W. Ramsey* and *Mr. Curt B. Mueller* for appellant.

*Mr. Wm. R. Ballard* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal by Frances P. Handschuck from a decision of the Patent Office rejecting four claims, of which claim 4 is illustrative:

"4. A stocking having its upper portion folded upon itself

and provided with a plurality of selvaged openings in both body and fold portions, different pairs of openings in said body portion and fold respectively being adapted to register, each such registering pair of openings being buttonhole-stitched together, for the useful purpose specified."

The question presented is whether it involves invention to provide buttonholes with selvage edges in addition to the old buttonhole stitching for the purpose of reinforcing the edges of the buttonhole. The Examiner was of opinion that it does not, "because it is a notoriously old expedient to selvage the edges of fabric in order to prevent raveling." One member of the Board of Examiners in Chief was of opinion that the claims do "involve patentable novelty inasmuch as no one heretofore, so far as the record shows, has suggested the idea of reinforcing selvages with stitching of any kind." The majority of the Board, in a three-line opinion, expressed the view that a patentable combination had not been shown, while the Assistant Commissioner, to whom the appeal was taken, affirmed the decision, stating his reasons as follows: "Applicant has not been able satisfactorily to point out how the buttonhole stitch modifies the selvage or *vice versa,* and it is not apparent to me that these features in any patentable manner combine to modify each other, and for this reason I can find nothing patentable in the appealed claims."

The object of buttonholes in the upper end of a stocking is of course for the attachment of supporters. Therefore, the greater the strength, durability, neatness, and flexibility in such a buttonhole the greater its utility. That the subject has commanded the attention of other inventors is apparent from the references cited. The patent to Lorentz, No. 455,757, dated July 14, 1891, shows a buttonhole in the upper portion of the stocking. The British patent to Hanley (No. 19,245 of 1907), to Temple (No. 18,667 of 1909), and to Moller (No. 22,391 of 1911), cover other means in addition to buttonholing, such as metal discs, rings of celluloid card, and the like. Admittedly, none of the references disclose the idea of knitting the goods so as to leave the holes with selvaged edges, nor does anyone dis-

close the combination of the selvaged edges and buttonhole-stitching.

Having in mind the rule announced in the Eastwood and Harbeck Cases, 33 App. D. C. 291 and 39 App. D. C. 555, that a doubt will be resolved in favor of the applicant, we think these claims should be allowed. It admittedly is important that the edges of these buttonholes be so constructed that there will be no loose threads, either initially or after the stocking has been in use. Selvaging the edge of the buttonhole never had been thought of, and by reinforcing the selvaged edge with a button-hole-stitch there is a double locking of the threads. In other words, a different result is produced by the combined elements of this combination from that given by their separate parts. Apparently appellant has produced a buttonhole that possesses all the useful characteristics of similar buttonholes of the prior art without any of their disadvantages.

The decision therefore will be reversed.        *Reversed.*

Mr. Chief Justice COVINGTON, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.